UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


SAMIR TAHA,

            Plaintiff,                              Civil No. 07-1160-HA

          v.                                  ORDER

CENTRAL INTELLIGENCE AGENCY;
GEORGE BUSH, President of the United
States; MICHAEL HAYDEN, Director, Central
Intelligence Agency; ROBERT MUELER,
Director, Federal Bureau of Investigations;
MICHAEL MUKASEY, Attorney General of
the United States, individually and in their
official capacities; and unnamed federal officials.

            Defendants.

_____

HAGGERTY, Chief Judge:

      Plainitff's Complaint alleges constitutional conspiracy claims against the Central

Intelligence Agency (CIA), the President of the United States, and various federal agency

1     - ORDER

directors.  Plaintiff seeks declaratory and injunctive relief, a name-clearing hearing, a monthly

salary for the rest of his life and punitive damages, stemming from the alleged racial and

religious discrimination engaged in by the federal government in conspiracy with numerous local

organizations.  Defendants moved to dismiss this action [7] for lack of subject matter jurisdiction

pursuant to Fed. R. Civ. P. 12(b)(1).

In considering a motion to dismiss under Rule 12(b)(1), the court is not limited to the

facts asserted in the complaint, nor is the court required to assume the truthfulness of the factual

allegations within the complaint.  *Americopters, LLC v. FAA*, 441 F.3d 726, 732 n.4. (9th Cir.

2006).  The party asserting jurisdiction bears the burden of proving that the court has subject

matter jurisdiction over his claims.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377

(1994).

Here, plaintiff alleges that defendants have engaged in unlawful surveillance or

wiretapping activities, Plaintiff alleges that he has been spied upon by the CIA and subject to

illegal wiretaps since 1983.  Plaintiff claims that he has experienced racial and religious

discrimination in numerous ways.  He generally asserts that the CIA and certain unidentified

"Jewish organizations" have conspired with Portland State University (PSU) and Vergil Miller

(the former Dean of PSU's business school), to "destroy" his academic standing, deny him entry

into a masters degree program, and blacklist him with potential employers.  He next alleges that

the CIA conspired with the Immigration and Naturalization Service to "freeze" his citizenship

application for approximately seven years, ending in 1993 when he became a U.S. citizen.  The

alleged conspiracy continued in 2001 and 2002, when the CIA contacted IOS, his leasing

company, and convinced IOS to change the terms of his lease and force him out of business.

2        - ORDER

Plaintiff claims that the CIA convinced his accountant to falsify plaintiff's tax return, convinced Wells Fargo to close his bank accounts, blocked plaintiff's efforts to refinance his home, and somehow caused lenders to charge him high interest rates.  Plaintiff claims that he suffered a stroke because of the stress brought about by the CIA's interference.  Finally, plaintiff claims that his recent attempt to open a restaurant has either failed or been frustrated because the CIA has

wiretapped his telephones and scared his customers away.  Plaintiff contends that the CIA has conspired with Jewish organizations and has taken all of these actions in violation of the Fourth Amendment and the Foreign Intelligence and Surveillance Act (FISA) because he is an Arab Muslim.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suits." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  Sovereign immunity is jurisdictional. *Id.*  This Court lacks subject matter jurisdiction over a constitutional claim against a federal agency.  To the extent plaintiff attempts to introduce other federal officials, sovereign immunity also shields individual federal officers named in their official capacities.  *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458-59 (9th Cir. 1985).  To the extent plaintiff names other federal officials in their individual capacities, no respondeat superior liability exists for alleged constitutional violations.  *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991).

Similar claims involving citizens who suspected that a federal agency had engaged in unlawful surveillance or wiretapping activities based upon nothing but a personal belief have been dismissed as "fantastic" or "delusional" pursuant to Fed. R. Civ. P. 12(b)(1).  *See e.g. Carone-Ferdinand v. CIA*, 131 F. Supp. 2d 232, 234-36 (D.D.C. 2001) (dismissing as

3      - ORDER

insubstantial under 12(b)(1) "bizarre conspiracy theory" involving frivolous claims against CIA); *O'Brien v. Dept. of Justice*, 927 F. Supp. 382, 385 (D. Ariz. 1995) (holding "bizarre" and "wholly insubstantial" allegations against federal agency cannot confer jurisdiction); *O'Connor v. United States*, 159 F.R.D. 22, 26 (D. Md. 1994) (dismissing frivolous claims alleging unlawful DEA surveillance and persecution).

Accordingly, defendants' motion to dismiss is granted because this action is "so attenuated and unsubstantial as to be absolutely devoid of merit," "wholly insubstantial" and "obviously frivolous."  *Hagans v. Lavine*, 415 U.S. 528, 536-537 (1974).

## CONCLUSION

For the foregoing reasons defendants' Motion to Dismiss [7] is GRANTED for lack of subject matter jurisdiction, and this case is dismissed with prejudice.

IT IS SO ORDERED.

Dated this  4   day of December, 2007.


      /s/ Ancer L. Haggerty
            Ancer L. Haggerty
          United States District Judge